FILED

2021 MAR 24 PM 12: 35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

**WILLIAM THOMAS**

   **PLAINTIFF**

V.                                                         CASE NO.: 2:21-cv-00144-JLB-NPM

Dr. Swayer, individual capacity;

Dr. Salema, individual capacity;

Smith, individual and official capacity;

J. McDaniels, individual and official capacity

   **DEFENDANTS**

## AMENDED COMPLAINT

### I.   JURSIDCTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middle District of Florida is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

### II.   PLAINTIFFS

3. Plaintiff, William Thomas, is and was at all times mentioned herein a resident of the State of Florida in the custody of the Florida Department of Children and Families. He is currently confined in Florida Civil Commitment Center, in Arcadia, Florida.

### III.   DEFENDANTS

4. Defendant, Dr. Swayer, is the director of the Florida Civil Commitment Center. He is responsible for the overall operation of the Florida Civil Commitment Center.

5. Defendant, Dr. Salema, of the State of Florida. She is responsible for the supervising clinical therapist at the facility, Florida Civil Commitment Center.

6. Defendant, Smith, of the State of Florida. She is a clinical therapist of the Florida Civil Commitment Center, who, at all times mentioned in this complaint, is a clinical therapist.

7. Daniels, of the State of Florida. She is a clinical therapist of the Florida Civil Commitment Center, who, at all times mentioned in this complaint is a clinical therapist.

8. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### IV.   FACTS

9. Florida Civil Commitment Center has a policy regarding buying books and magazines.

10. Before you can purchase any books or magazines you have to write a communication form to your clinical therapist listing the books or magazines you want to purchase.

11. The clinical therapist will approve or deny your request to purchase those books or magazines.

12. Any books or magazines that has been sent to the institution without being approved will be sent back to the post office.

13. Communication form is a name that WellPath Recovery Solutions came up with to request information if needed.

14. On or about January 18, 2021, Plaintiff Thomas met with Ms.McDaniels after writing a communication form list the books wanted to purchase.

15. Ms.McDaniels informed Thomas that he could not have The Manual To Online Public Records 4th Edition because it contain people personal information such as address. See Exhibit A.

16. Ms. McDaniels did not inform Thomas that this book was in the library.

17. Thomas wrote a grievance to have Ms. McDaniels decision overturn.

18. On or about January 26, 2021, Thomas received his grievances back and Dr. Salema responded "this book is available for reference in the library, but is not approved for personal retention". See Exhibit B

19. On or about January 28, 2021, Thomas received a response to his appeal to Dr. Salema response by Dr. Sawyer approving Dr. Salema response. See Exhibit B under Facility Administrator's Resolution.

20. On February 12, 2021, Thomas wrote an appeal to Corporate Office, explaining why Thomas should have the book. See Exhibit C.

21. The book The Manual To Online Public Records is a reference book in the library.

22. Reference books are not allowed to be checked out of the library.

23. Due to Covid-19 access to the library is not an option.

24. Even if the book could be checked out, it can only be checked out twice by the same person before it goes on the shelf with a total of four weeks checkout.

25. This will allow other people an opportunity to check out the book.

26. On or about January 25, 2021, Thomas met with Ms.McDaniels and Ms. Smith to discuss my legal books.

27. Ms.McDaniels and Ms. Smith told Thomas that he couldn't have his legal books because he should use the books in the library to do his legal work or contact your attorney.

28. In addition, Ms. Smith said "ordering legal books would pose as a fire hazrd when ordering too many".

29. "Even if you have the space in your locker."

30. Ms.McDaniels and Ms. Smith told Thomas to go to the library for any of his legal research.

31. Thomas explained to Ms.McDaniels and Ms. Smith that would not be possible because the books I'm requesting are not in the library.

32. In addition, the computer lab does not have any books to help with researching the law and make legal arguments on your motions.

33. Mr. Thomas listed several legal books to be approved. See Exhibit D

## V.   EXHAUSTION OF LEGAL REMEDIES

34. Plaintiff Thomas used the resident grievance procedure available at Florida Civil Commitment Center to try and solve the problem. On January 20 and February 1, 2021, Thomas presented the facts relating to this complaint. On January 22 and February 12, 2021, Thomas was sent a response saying that the grievance has been denied.

## VI.   LEGAL CLAIMS

35. Plaintiff allege and incorporate by references paragraphs 1-33

36. The denial of access to books violated plaintiff Thomas's rights and constituted access to reading materials under the First Amendment to the United States Constitution.

37. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparable injured by the conduct of the defendants unless this court grants declaratory and injunctive relief which plaintiff needs.

WHEREFORE, plaintiff respect fully prays that this court enter judgment granting plaintiff:

38. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

39. A preliminary and permanent injunction ordering defendant Dr. Salema, J. McDaniels, and Smith to approve for purchase books that are in the library.

40. Compensatory damages in the amount of $1500.00 against Ms. McDaniels and S. Smith

41. Punitive damages in the amount of $10,000.00 against Ms. McDaniels and S. Smith.

42. Nominal damages in the amount of $1 against each defendant.

43. Plaintiff's costs in this suit

44. Any additional relief this court deems just, proper, and equitable.

Dated: March   , 2021
Respectfully Submitted


William Thomas #5428031
Florida Civil Commitment Center
13619 S.E. Hwy. 70
Arcadia, FL 34266


VERIFICATION

I have read the following complaint and hereby verify that matters alleged therein are true, except as to mattes alleged on information and belief, and, as to those, I believe them true. I certify under penalty of perjury that the forgoing is true and correct.

Executed at Arcadia, FL on March    , 2021


Signature